IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| REGINALD JOHNSON, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. A. NO. 22-0255-KD-MU |
| | ) | |
| CITY OF SATSUMA, ALABAMA, *et al.* | ) | |
| | ) | |
|     Defendants. | ) | |

## <u>REPORT AND RECOMMENDATION</u>

On June 29, 2022, Plaintiff Reginald Johnson filed his complaint against the City of Satsuma, Alabama, and Maurice Kirk Harless. (Doc. 1 at pp. 2-3). This matter is before the Court on Defendant City of Satsuma, Alabama's Motion to Dismiss and/or for More Definite Statement (Doc. 3), Plaintiff's Motion to Vacate Judgment for Fraud on the Court Under Rule 60(d)(3) in United States District Court (Doc. 5), Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss (Doc. 6), Defendant Maurice Kirk Harless's Rule 12(b)(5) Motion to Dismiss for Insufficient Service of Process and brief in support thereof (Docs. 9 and 12), Defendant City of Satsuma, Alabama's Response to Motion to Vacate Judgment and Reply to Plaintiff's Response to Motion to Dismiss or for More Definite Statement (Docs. 14 and 15), Plaintiff's Motion for Equal Protection of the Law (Doc. 16), Plaintiff's Objection to Defendant [Harless's] Motion to Dismiss (Doc. 17), Plaintiff's Motion to Amend Complaint for a More Definite Statement as Motioned for in the Defendant's Response to the Court (Doc. 18), Plaintiff's Response to Defendant City of Satsuma (Doc. 19), Defendant Maurice Kirk Harless's Reply in Support of Rule 12(b)(5) Motion to Dismiss for Insufficient Service of Process (Doc. 20),

Plaintiff's Motion for a Default Judgment (Doc. 21), Response to Motion for Default Judgment by Defendant Maurice Kirk Harless (Doc. 22), and Plaintiff's Response (Doc. 23). These motions have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(3) and Local Rule 72.2(c)(1). For the reasons set forth herein, the undersigned Magistrate Judge **RECOMMENDS** that Defendant City of Satsuma, Alabama's Motion to Dismiss (Doc. 3) be **GRANTED;** Plaintiff's Motion to Vacate Judgment for Fraud on the Court Under Rule 60(d)(3) in United States District Court (Doc. 5) be **DENIED;** Defendant Maurice Kirk Harless's Rule 12(b)(5) Motion to Dismiss for Insufficient Service of Process (Doc. 9) be **GRANTED;** Plaintiff's Motion for Equal Protection of the Law (Doc. 16) be **DENIED;** Plaintiff's Motion to Amend Complaint for a More Definite Statement as Motioned for in the Defendant's Response to the Court (Doc. 18) be **DENIED;** and Plaintiff's Motion for a Default Judgment (Doc. 21) be **DENIED.** It is further **RECOMMENDED** that Plaintiff's complaint against the City of Satsuma, Alabama and Maurice Kirk Harless be **DISMISSED, with prejudice,** and that Plaintiff be enjoined from refiling this complaint in this or any other Court against Maurice Kirk Harless and/or MKH Properties.

## I. Factual and Procedural Background

Having read the previous filings and orders in the actions that Plaintiff Reginald Johnson has filed in this Court concerning the property at issue in the instant action, the Court adopts the facts contained in those orders and sets forth a summary here. *See Reginald Johnson, et al., v. Randall Champion, et al.,* 1:12-cv-00334-WS-M; *Reginald Johnson v. Marilyn E. Wood, et al.,* 1:05-cv-00391-KD-B; *Reginald Johnson v. City of Satsuma*, 1:04-cv-00445-CG-M; *Reginald Johnson v. Mobile County, et al.*, 1:99-cv-00574-CB-M:

In 1935, Lula G. Powers sued Ernest Johnson (Plaintiff's father) and Anita Burden (Plaintiff's aunt) in Mobile County Circuit Court to quiet title to a 5-acre parcel of real property described as:

> That certain parcel of land beginning at the Southeast corner of the Southeast quarter of the Northeast quarter of Section 14, Township 2 South, Range 1 West, running thence North along the Section line distant 660 feet to a point; thence West 330 feet to a point; thence South 660 feet to a point; thence East 330 feet to the place of beginning, being partly enclosed by a fence, containing a house, barn and cultivated fields, in Mobile County, Alabama.

*See Powers v. Burden,* 236 Ala. 697, 184 So. 909 (Ala. 1938). After conducting a trial, the trial court entered judgment in favor of Johnson and Burden, finding that they owned the 5-acre parcel. The Alabama Supreme Court affirmed the judgment. The 5-acre parcel abuts an approximate 27-acre parcel described as:

> That portion of the Southeast Quarter of the Northeast Quarter of Section 14, Township 2 South, Range 1 West, and that portion of the Southwest Quarter of the Northeast Quarter of Section 14, Township 2 South, Range 1 West, lying East of the Old John Craft Highway and the Southern Railroad, excepting therefrom approximately .56 acres now or formerly owned by Jewel E. Gunter and 5 acres in the Southeast corner of the Southeast Quarter of the Northeast Quarter now or formerly owned by Johnson or a Burden. Said 5 acres being 330 feet East and West and 660 feet North and South as measured from the Southeast corner of the Northeast Quarter of said Section 14.

*(Reginald Johnson v. Marilyn E. Wood, et al.,* 1:05-cv-00391-KD-B, Doc. 139 at p. 6). Defendants and others who have been opposing parties to Plaintiff in previous litigation maintain that the 27-acre parcel was owned by the Powers family. (*Id.*). Plaintiff has disputed that claim in the litigation. (*Id.*).

In 1972, Viola Fink and Isaac Burden filed a suit for division of the 5-acre parcel against Plaintiff and others in Mobile County Circuit Court. (*Id.* at p. 7). On October 2, 1972, by final decree, the Mobile County Circuit Court divided the parcel into five 1-acre parcels. (*Id.*). Based on a review of the filings in these earlier actions, it appears that the "Johnson home" is located on one of those 1-acre parcels. In 1984, the Powers family conveyed the 27-acre parcel to Larry J. Harless and M. Vann Bush. (*Id.*). In 1986, Harless and Bush conveyed the 27-acre parcel to Gilbert Imported Hardwood, Inc., ("GIH") and in 1993, GIH conveyed it to Gilbert Leasing Company, Inc. (*Id.*).

In 1987, Plaintiff sued Tarlton Dudley Powers, Jr., Paul Harrison Powers, and Larry J. Harless in the Mobile County Circuit Court seeking to quiet title to a portion of the 27-acre parcel. (*Id.* at p.8). The defendants moved to dismiss for failure to state a claim, and on September 1, 1988, the court granted the motion but gave Plaintiff 30 days to amend his complaint. (*Id.*). When he failed to do so, his complaint was dismissed with prejudice. (*Id.*). Subsequently, Plaintiff prepared and recorded three "deeds" purporting to convey title to some or all of the 27-acre parcel. (*Id.*). The first deed purported to convey property located in the 27-acre parcel from Ernest Johnson to his wife Rosemary. (*Id.*). The second deed purported to convey property including the 5-acre parcel and the 27-acre parcel from Ernest Johnson again to his wife Rosemary. (*Id.*). The third deed, filed in 1995, purported to convey the northwest portion of the 27-acre parcel from Rosemary Johnson to Plaintiff, her son. (*Id.*).

In 1997, Gilbert Leasing Company, Inc. filed suit in Mobile County Circuit Court against Rosemary Johnson to quiet title to the 27-acre parcel. (*Id.*). Although not a named defendant, Plaintiff signed and filed numerous pleadings in the case on behalf of

his mother and identified himself as a defendant in the style of the case. (*Id.*). On July 6, 1998, the court entered its judgment, based on an agreement by the parties, and "the testimony and evidence submitted in the case," that Gilbert Leasing Company, Inc. held title to the 27-acre parcel and that the two deeds prepared by Plaintiff which purported to convey title from Ernest Johnson to Rosemary Johnson did not, in fact, convey lawful title because Ernest Johnson never had valid title to the 27-acre parcel. (*Id.* at p. 9). The agreement between the parties was reached after trial commenced. (*Reginald Johnson v. Mobile County, et al.*, 1:99-cv-00574-CB-M, Doc. 41 at pp. 2-3). Plaintiff has argued during the lawsuits he has filed in this Court for the past 23 years that his mother was suffering from dementia and did not fully understand the impact of the proceedings. (*See Reginald Johnson, et al., v. Randall Champion, et al.,* 1:12-cv-00334-WS-M, Doc. 136 at pp.15-16, n.22). However, the transcript from the 1997 state court action reflects that Rosemary Johnson was represented by counsel in that action and that her attorney made an oral motion to dismiss the action, and thereafter, the parties entered into the agreement. (*Id.*). The transcript further reflects that the trial judge was made aware of Rosemary Johnson's mental capacity and found that her responses were lucid and that she understood the agreement into which she was entering. (*Id.*).

As a result of the state court's order, the tax assessor's office removed Rosemary Johnson's name from the tax rolls associated with the 27-acre parcel in 1998. (*See Reginald Johnson v. Marilyn E. Wood, et al.,* 1:05-cv-00391-KD-B, Doc. 141 at p. 6). At some point after entry of the 1998 order, Plaintiff presented the 1995 deed, which purported to transfer five acres of the 27-acre parcel from Rosemary Johnson to him, to the tax assessor and demanded that his name be added on the tax rolls for that

parcel of property. (*Id.*). Based on his demand and the 1995 deed, Plaintiff's name was added to the assessment on that parcel, and he paid taxes on that parcel from 1999 to 2004, which subjected that property to a double assessment. (*Id.*). In 2004, when Gilbert Leasing attempted to transfer the 27-acre parcel to MHK, the title company brought the double assessment, the prior quiet title action, and the resulting 1998 judgment to the attention of the tax assessor. (*Id.* at p. 9). On July 1, 2004, the Revenue Commissioner removed Plaintiff's name from that parcel based on the 1998 state court order. (*Id.*).

On June 21, 1999, Plaintiff filed a complaint in this Court against Gilbert Leasing, Inc., Harless/Stokke, Inc., and Mobile County for "Discrimination, Violation of Civil Liberties, Fraud, Slander of Title, Trespass and Mental Anguish." (*Reginald Johnson v. Mobile County, et al.*, 1:99-cv-00574-CB-M, Doc. 1). Plaintiff later amended his complaint by filing a document entitled "Fraud, Slander of Title and Trespass." (*Id.* at Doc. 14). On April 13, 2000, District Judge Charles Butler issued an order granting summary judgment against Plaintiff on the grounds that his claims were barred by the res judicata effect of the 1998 judgment in the Mobile County Circuit Court. (*Id.* at Doc. 41). Judge Butler found that the pleadings filed by Reginald and Rosemary in the 1997 state court suit contained allegations similar, if not identical, to the allegations made by Reginald in this 1999 federal court action. (*Id.*). At deposition and at trial of the 1997 state court action, Rosemary testified that she made no claim to the Gilbert property and only claimed a one-acre parcel of the five-acre tract excluded from the conveyance to Gilbert. (*Id.*). Thus, the final judgment ordered that the deeds prepared by Reginald and signed by his father Ernest as grantor to Rosemary as grantee and recorded in the

Probate Court did not constitute color of title to the property described therein and did not vest title in Rosemary because these deeds were legally ineffective to convey any property interest to Rosemary. (*Id.*). In the 1999 federal court action, Plaintiff alleged that he acquired the subject property in a deed from Rosemary which she had received by deed from Ernest – the deed that was rendered void in the 1997 state court action. (*Id.*). Plaintiff alleged that in 1984 the property was fraudulently conveyed to Larry Harless and Vann Bush by Tarlton and Elizabeth Powers and assessed in the name of Gilbert Imported Hardwoods and that GIH transferred title to Gilbert Leasing. (*Id.*). He also alleged that in the prior state court action Gilbert was adjudged to be the owner of the property at issue based on the testimony of Rosemary who was legally incompetent. (*Id.*).

Judge Butler found that res judicata barred the federal action because the parties and the causes of action (quiet title and ejectment) were identical. (*Id.*). Judge Butler specifically did not address any civil rights violations because he found that the amended complaint superseded the original complaint and Plaintiff did not reassert those claims in the amended complaint. (*Id.*).

On December 21, 2000, Gilbert Leasing Company, Inc. conveyed the 27-acre parcel to MKH Properties. (*Reginald Johnson v. Marilyn E. Wood, et al.,* 1:05-cv-00391-KD-B, Doc. 139 at p. 10). On July 10, 2001, Plaintiff filed a document entitled "Affidavit of Forgery" in the Mobile County Probate Court records. (*Id.*). The affidavit alleged forgery of the two deeds in the chain of title for the 27-acre parcel that immediately preceded the deed to Gilbert Imported Hardwoods that was upheld by the Mobile County Circuit Court in the 1998 case. (*Id.*). Thereafter, on October 30, 2001, Johnson

filed an "Affidavit" in the Mobile County Probate Court records, alleging that Ernest Johnson and Rosemary Johnson owned the 27-acre parcel which was the subject of the 1998 Mobile County Circuit Court judgment. (*Id.*). On December 4, 2001, Shirley A. Johnson-Young and Viola Shaw (Plaintiff's sisters) filed suit in Mobile County Circuit Court against MKH Properties, Maurice K. Harless, and William T. McGowin, alleging that they owned the 27-acre parcel. (*Id.* at p.11). The circuit court granted the defendants' motion for summary judgment based on the res judicata bar of the 1998 Mobile County Circuit Court judgment. (*Id.*). Plaintiffs appealed, and the judgment of the trial court was affirmed on appeal. (*Id.*).

On March 6, 2002, Plaintiff filed a document in the records of the Mobile County Probate Court, purporting to be a criminal complaint to the Federal Bureau of Investigation ("FBI") against Maurice K. Harless, initial member of MKH Properties, LLC, and attorney William T. McGowin, IV, organizer of MKH Properties. (*Id.*). The "complaint" asked the FBI to arrest Harless and McGowin for discrimination and warned that if Harless or McGowin, "or any other Ku Klux Klan" entered the 27-acre parcel, Plaintiff would take action "in self-defense." (*Id.*). Plaintiff mailed said document to United States Supreme Court Chief Justice William Rehnquist, United States Attorney General John Ashcroft, the NAACP, the ACLU, the Associated Press, and the Houston Chronicle. (*Id.*). On July 29, 2002, Plaintiff filed a second "Affidavit" in the records of the Mobile County Probate Court, opposing Maurice K. Harless's application for a preliminary subdivision plat on the 27-acre parcel, alleging that MKH Properties' deed was obtained by fraud. (*Id.*). He mailed a copy of that "Affidavit" to the City Clerk for the City of Satsuma. (*Id.*).

Johnson filed suit in this Court against the City of Satsuma alleging claims for discrimination, denial of equal protection under the Fourteenth Amendment, and mental anguish on July 6, 2004. *Reginald Johnson v. City of Satsuma*, 1:04-cv-00445-CG-M. He alleged that the City discriminated against him by granting M.K. Harless or M.K.H. Properties permission to build a subdivision on his property. (*Id.* at Doc. 1). He also alleged that he and his family had been discriminated against because of their race. (*Id.*). The City filed a motion to dismiss which was converted to a motion for summary judgment. (*Id.* at Docs. 5, 19).

After setting forth the facts, the Court found that although the action was captioned as against the City, Plaintiff was actually again attacking Gilbert's claims to ownership by relying on deeds that were held to be invalid in the 1997 state court action. (*Id.,* Doc. 19). Noting that res judicata applies "not only to the precise legal theory presented in the prior case, but to all legal theories and claims arising out of the same nucleus of operative fact," *NAACP v. Hunt*, 891 F.2d 1555, 1561 (11th Cir. 1990), the Court granted summary judgment in favor of the City, finding that Plaintiff raised no claims in the suit before the Court that could not have been brought in his previous federal action.

On June 30, 2005, Plaintiff filed suit in this Court against Marilyn Wood, the revenue commissioner, and MKH Properties alleging claims of discrimination, unlawful trespass, violation of his Fifth, Ninth, and Fourteenth Amendment rights, and mental anguish. *Reginald Johnson v. Marilyn E. Wood, et al*., 1:05-cv-00391-KD-B. Plaintiff alleged that Wood removed his name from the tax roll thereby depriving him of his property without due process of law and violated his equal protection rights. (*Id*. at Doc.

1). He also alleged that Wood and MKH conspired to illegally obtain his property, and he alleged unlawful trespass against MKH. (*Id*.). Plaintiff asserted that his family has absolute legal title to the property according to the 1938 court decision in *Powers v. Burden and Johnson*. (*Id*.). Plaintiff retained counsel and amended the complaint on January 30, 2006, adding Mobile County and the state of Alabama as defendants. (*Id*. at Doc. 48). The State was voluntarily dismissed on April 3, 2006. (*Id*. at Doc. 65). Plaintiff averred that MKH acquired property through a sale based upon the fraudulent transfer of property from African American property owners to Caucasians and thus acquired property based upon racially discriminatory deprivation of rights. (*Id*. at Doc. 48). According to Plaintiff, the heirs of the property were denied substantive due process rights because the Courts failed to chronicle the involvement of racial discrimination in property transfers from approximately 1935 to 1972. (*Id*.). Plaintiff as a "representative heir" sought to restore his rights to the property as deprived by State sanctioned race discrimination by the county and state which violated his due process and equal protection rights. (*Id*.). He sought a Declaratory Judgment requiring the property be returned to him and his family and a permanent injunction enjoining the defendants from continuing to violate his and his family's civil rights. (*Id*.).

In granting summary judgment in favor of MHK and against Plaintiff, the Court held that Plaintiff lacked standing to assert any claim against MHK under 42 U.S.C. § 1981 on the basis of the contract by which MHK acquired title to the 27-acre parcel and found that, if Plaintiff was asserting any claims under § 1983 against MHK, those claims would fail because MHK was not a state actor. (*Id*. at Doc. 139).

On January 10, 2007, Plaintiff filed a motion to void and set aside the 1997 state court judgment against Rosemary Johnson. (*Id*. at Doc. 157). Because this Court had no authority to grant the requested relief, the motion was denied. (*Id*. at Doc. 158). The Court explained to Plaintiff that the Court's inquiry in the federal court action was limited to whether Ms. Wood had violated Plaintiff's constitutional rights when she removed his name from the tax records for the subject property in 2004. (*Id*.). The Court granted summary judgment in favor of Ms. Wood, finding that Plaintiff failed to state a constitutional claim against her because he was unable to show that he had a legitimate interest in the property at issue. (*Id*.).

MHK had asserted counterclaims against Plaintiff for slander of title, injunction, trespass, conversion, and tortious interference with business relations. (*Id*. at Doc. 75). After a jury trial, judgment was entered in favor of MHK on its counterclaims. (*Id*. at Doc. 205). The jury awarded MHK $86,500 based on evidence at trial that Plaintiff's actions (as outlined above) caused MKH's delay in obtaining approval of its subdivision application before the City of Satsuma Planning Board, which resulted in MKH incurring additional interest expense on funds it had borrowed to finance the acquisition of the 27-acre parcel and construction of a planned subdivision, loss of at least one sale of a subdivided lot, and substantial attorneys' fees. (*Id*. at Doc. 204, 205). The Court also found that injunctive relief was appropriate. (*Id*. at Docs. 211, 213). The Court enjoined Plaintiff, his agents, and anyone acting at his direction from filing, in Mobile County Probate Court, any complaint, claim for relief, grievance, writ, petition, accusation, affidavit, charge, or any other document with respect to the real property at issue in the case. (*Id*.).

On May 21, 2012, Plaintiff again filed an action in this Court. The original complaint was filed by Plaintiff and his sister, Shirley Johnson-Young against Officer Randall Champion, a Satsuma police officer. *Johnson, et al. v. Champion,* 1:12-cv-00334-WS-M, Doc. 1. In the original complaint, Plaintiffs alleged that, on or about November 25, 2010, they decided "to take action on" a fence that had been illegally erected on their property by Mr. Harless, their next-door neighbor, which impeded the ingress to and egress from their property. (*Id.*). Harless is the owner of MHK.  According to Plaintiffs' complaint, the fence blocked a path to their property that had been used in the past for USPS mail delivery, City of Satsuma garbage pick-up, Alabama Power Company, and all family members and visitors to their property. (*Id.*). The erection of the fence limited them to using only the back entry to their property. (*Id.*). While attending a hearing in federal court in Mobile on June 4, 2011, Plaintiffs were handcuffed, detained, and eventually charged with second degree criminal mischief for cutting sections of the fence. (*Id.*). They asserted claims for a violation of their constitutional rights under § 1983, assault and battery, and false arrest and illegal imprisonment. (*Id.*).

On October 17, 2012, Plaintiffs filed an amended complaint, naming Champion, City of Satsuma Officials, City of Satsuma Police Department, City of Satsuma Roads/Zoning Employees, Maurice Kirk Harless, and MKH Properties as defendants. (*Id.* at Doc. 17). In addition to the allegations concerning the details of their arrest, Plaintiffs added the following: The erection of the fence/barricade by Mr. Harless was supported by officials from the City of Satsuma and police officers from the City of Satsuma Police Department. Hilliard (Hildreth) Drive is a dedicated and public roadway

by virtue of its "use existence." Prior to the erection of the barricade, Hilliard Drive had been in place for more than one hundred years and was used by the US mail, the City of Satsuma Police Department, the City of Satsuma Fire Department, the Mobile County road grader, emergency medical personnel, the gas and power companies, the City of Satsuma garbage pick-up, their family, and their neighbors. Hilliard Drive was the only access to the front of the homes on this road. The City of Satsuma allowed this dedicated road to be barricaded. Prior to the erection of the barricade, the City of Satsuma allowed someone to erect barbed wire fencing around their family home and someone working on behalf of Mr. Harless and MKH blocked the road, thereby denying access to the homes, by putting a truck across the road, putting stakes in the road, and putting a pile of dirt in the road. Eventually, someone working on behalf of Mr. Harless and MKH built a six-foot privacy fence across the road and around the houses on this roadway. The City allowed this barricade to stand and told members of the Johnson family that if they called about the barricade again, they would be arrested. The City permitted someone working in connection with Mr. Harless and MKH to cut an opening behind the Johnson home from Powers Road as a means to access the homes on Hilliard Drive from the back. The City sent the Johnson family a letter stating that the new address for the home would be the "rough cut trail" to the back of the home. The City, Mr. Harless, or someone working in concert with the City illegally moved Plaintiff's family U.S. mailbox from the front of the home and placed it behind the home, near the back door, without the consent of the U.S. Postal Service. Because the City failed or refused to open the barricade, Shirley Johnson-Young removed the barricade. The barricade also affected the person who rented the house at the end of Hilliard Drive who

had to park his car in the back yard of the Johnson home and walk over to his house. (*Id.*)

The Amended Complaint set forth causes of action for 1) false arrest and false imprisonment based upon the plaintiffs' arrest by Satsuma police officer Randall Champion; 2) denial of Equal Protection based on their contention that the road in front of their house was barricaded and ingress and egress to the home was moved to the back of the home because they are African-American and were treated differently than Caucasians; 3) violation of their civil rights under § 1983; 4) conspiracy between the City and Harless/MKH to violate their constitutional rights; and 5) a claim under § 1705 for tampering with their mailbox. (*Id.*)

On January 2, 2014, the Court granted summary judgment in favor of the defendants who remained in the suit at that juncture, the City of Satsuma, MKH Properties, and Maurice Kirk Harless. (*Id*. at Doc. 136). In its order, the Court noted that the fence that was erected is entirely on the 27-acre track belonging to MKH (as conclusively determined in prior litigation) and that the erection of the fence and the resulting relocation of the ingress to the Johnson home and the mailbox occurred in 2003, approximately nine years prior to the 2012 lawsuit being filed. (*Id*. at p. 6). The Court found that the plaintiffs' claims were rooted in the premise that the plaintiffs owned the 27-acre parcel, such that MKH was not entitled to build a privacy fence blocking the front of the Johnson home. (*Id*. at pp. 12-13). "Just as Judge Butler found in the 1999 Lawsuit, and as Judge Granade found in the 2004 Lawsuit, and as Judges DuBose and Bivins found in the 2005 Lawsuit," Judge Steele also found that the 1998 state court judgment was entitled to preclusive

effect, thus barring the plaintiffs from relitigating claims of an ownership interest or property rights in the 27-acre parcel. (*Id*. at p. 14). Accordingly, the Court granted the defendants' motions for summary judgment finding that the plaintiffs' claims were barred by the doctrine of res judicata. (*Id*. at p. 21).

In response to a motion for sanctions filed by the defendants, the Court enjoined Reginald Johnson and Shirley Johnson-Young from filing any Action, as defined in the Order, against M.K. Harless or MKH Properties, LLC, without prior screening and authorization by the United States District Court for the Southern District of Alabama. (Doc. 161 at pp. 6-7). The Order specifically states that, if Reginald Johnson or Shirley Johnson-Young wished to initiate a new Action, they must file a proposed complaint in a filing styled as a "Notice of Filing Proposed Complaint for Judicial Screening" and should attach the proposed complaint as an exhibit to the Notice. (*Id*. at p. 7). The Order further stated that the Notice should be filed in the court file styled as "*Reginald Johnson, et al.*" and after filing, the proposed complaint would be screened by the Court. (*Id*.). The Order specifically stated that after reviewing the proposed complaint, the Court would determine if the proposed complaint stated an arguable claim for relief that is not barred by res judicata, and if it did so, the plaintiffs would be authorized to file the complaint in the forum of their choice. (*Id*.). If, however, the screening showed that the proposed complaint did not state arguable claims for relief or it it was obviously irreconcilable with prior federal and state-court judgments, then the Court would enter an order enjoining the plaintiffs from pursuing that complaint in any forum. (*Id*.).

## II. Legal Analysis

### A. Claims Against Maurice Kirk Harless

Defendant Harless has filed a motion to dismiss Plaintiff's complaint against him for insufficient service of process, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. (Doc. 9). As United States District Court Judge L. Scott Coogler of the Northern District of Alabama recently observed:

> A Rule 12(b)(4) or 12(b)(5) motion to dismiss challenges the court's personal jurisdiction over a defendant for insufficient process and insufficient service of process respectively. To invoke the court's personal jurisdiction on a defendant requires service of process; so, if a plaintiff fails to properly serve a defendant according to one of the methods of service in Rule 4, the court will, on a timely motion, dismiss all claims against the defendant. And, when a defendant challenges service of process, ***the plaintiff bears the burden of showing that the defendant was properly served under Rule 4.***

*Bridges v. Poe*, No. 6:19-CV-01399-LSC, 2020 WL 3207278, at *1 (N.D. Ala. June 15, 2020) (internal citations omitted) (emphasis added). "Valid service of process is an indispensable prerequisite to the assertion of personal jurisdiction over a defendant." *Hyundai Merch. Marine Co. v. Grand China Shipping (Hong Kong) Co.*, 878 F. Supp. 2d 1252, 1260-61 (S.D. Ala. 2012). A "Court may consider [documents outside the pleadings] when determining whether [an action] should be dismissed for insufficient service of process." *Ford v. Navika Capital Grp., LLC*, No. CV 14-00311-KD-C, 2016 WL 1069676, at *8 (S.D. Ala. Mar. 17, 2016) (*citing Foster v. Bridgestone Ams. Inc.*, No. 11-0175-WS-N, 2011 WL 3606983, at *1 n.2 (S.D. Ala. Aug. 15, 2011) ("In the context of a Rule 12(b)(5) motion such as that presented here, courts routinely consider matters outside the four corners of the pleadings to ascertain whether service of process has been properly completed.")).

The fact that Plaintiff is proceeding *pro se* does not excuse any failure on his part to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (affirming dismissal of *pro se* action for insufficient service of process, noting that *pro se* litigants are required to conform to procedural rules); *Loren v. Sasser,* 309 F.3d 1296, 1304 (11th Cir. 2002) (holding that "[d]espite construction leniency afforded pro se litigants, we nevertheless have required them to conform to procedural rules"). "Once a pro se … litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Because Plaintiff names Maurice Kirk Harless, an individual, as a defendant, Federal Rule of Civil Procedure 4(e) applies:

> … an individual … may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1).

Likewise, Rule 4(c) of the Alabama Rules of Civil Procedure provides that service on an individual may be made "by serving the individual or by leaving a copy of the summons and the complaint at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a

copy of the summons and the complaint to an agent authorized by appointment or by law to receive service or process." Ala. R. Civ. P. 4(c)(1). Under the Alabama Rules of Civil Procedure, the summons and complaint may be served in accordance with Rule 4(c) by process server or by certified mail. Ala. R. Civ. P. 4(i)(1) and (2).

In this case, the return of service filed by Plaintiff on August 5, 2022, shows that he attempted service of the summons and complaint on Harless by certified mail to CT Corporation (formerly known as National Registered Agents, Inc.). (Doc. 7). Harless submitted a declaration in support of his motion to dismiss stating that neither CT Corporation or National Registered Agents, Inc. are nor have ever been an agent authorized by appointment or law to receive service of process on his behalf in his individual capacity. (Doc. 12-1). He further stated that the summons and complaint were not delivered to him personally and were not left at his dwelling place or usual place of abode with him or any other person. (*Id.*). Plaintiff admitted in his response to Harless's motion that he mailed the summons and complaint, via certified mail, to the registered agent for MKH Properties, which he states is owned by Harless. (Doc. 17 at p. 2). However, MKH Properties is a separate entity from Harless, and therefore, service on MKH Properties is not service on Harless.

Plaintiff further asserted that, on August 15, 2022, in an attempt to correct service after Harless filed his motion, he mailed the summons to Harless's home address: 482 Grand Oak Dr., Brentwood, TN, 37027-5652. (*Id.* at p. 3). Plaintiff did not state that he had properly mailed the summons via certified mail, as allowed by Rule 4(i)(2) of the Alabama Rules of Civil Procedure, nor has he filed any proof of service or a green card indicating proper service on Harless. (*Id.;* Docket Sheet).

Because Plaintiff has not met his burden to prove that he has made proper service on Harless, an individual, the Court agrees that Defendant Harless's motion to dismiss is well-taken. Normally, the Court would allow a *pro se* Plaintiff an opportunity to properly serve the defendant; however, for the reasons set forth below, the Court finds that any opportunity to correct service would be futile.

In the complaint currently before the Court, Plaintiff has alleged substantially similar, and in most instances, identical, facts and causes of action against Harless as those set forth in his 2012 case in this Court. *See* Doc. 1 at pp. 7-16. Accordingly, pursuant to the Order entered by Judge Steele in that action, *Reginald Johnson, et al., v. Randall Champion, et al.*, Civil Action 12-0334-WS-M, Doc. 161, Plaintiff was required to file a "Notice of Filing Proposed Complaint for Judicial Screening" with the proposed complaint attached as an exhibit in the court file styled as *Reginald Johnson, et al., v. Randall Champion, et al.*, Civil Action 12-0334-WS-M. Plaintiff did not do so. However, in the interest of judicial expediency, the Court will consider the complaint filed in this action (Doc. 1) to be a Notice of Filing Proposed Complaint for Judicial Screening as to the claims asserted against Harless.

Having reviewed the instant complaint, the Court finds that it is a clear attempt to reassert the same allegations and causes of action against Harless as those asserted in the 2012 action. The instant complaint and claims for relief set forth therein are "obviously irreconcilable with prior federal and state-court judgments." Therefore, the undersigned **RECOMMENDS** that Plaintiff be enjoined from pursuing the instant complaint against Harless and/or MKH Properties in this Court or any other forum and that the instant complaint against Maurice Kirk Harless be **DISMISSED, with prejudice**.

## B. Claims Against the City of Satsuma

Defendant City of Satsuma, Alabama ("the City") filed a Motion to Dismiss and/or for More Definite Statement on July 18, 2022, in which it asserts that Plaintiff's complaint fails to state a claim upon which relief can be granted. (Doc. 3). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (citation omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.... [This standard] asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. In determining whether a claim is stated, the factual allegations are accepted as true, except for conclusory assertions or a recitation of a cause of action's elements, and the allegations must be considered in the light most favorable to the plaintiff. *See id.; Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997).

However, in addition, "[a] complaint is subject to dismissal for failure to state a claim 'when its allegations, on their face, show that an affirmative defense bars recovery

on the claim,'" *Douglas v. Yates,* 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Cottone v. Jenne,* 326 F.3d 1352, 1357 (11th Cir. 2003)), or "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action," *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

In the instant complaint, as in Plaintiff's previous complaints, Plaintiff is attempting to hold the City liable for the erection of a fence by Harless and/or MKH on their own land, the 27-acre parcel which has been the subject of much prior litigation. The City, in its motion, seeks dismissal based on the fact that the complaint does not clearly set forth the facts that support his claim or the claim itself. The City notes that it cannot be expected to "conduct an extensive search into all of the prior lawsuits that are referenced and the resolution of those lawsuits [to] determine how they relate to this lawsuit." (Doc. 3 at p. 6). However, there is no need for the City to do so as the Court has done so above. "Just as Judge Butler found in the 1999 Lawsuit, and as Judge Granade found in the 2004 Lawsuit, and as Judges DuBose and Bivins found in the 2005 Lawsuit," and Judge Steele found in the 2012 Lawsuit, this Court reiterates that the 1998 state court judgment was entitled to preclusive effect, thus barring Plaintiff from relitigating claims of an ownership interest or property rights in the 27-acre parcel. Plaintiff's claims against the City here are clearly barred by the doctrine of res judicata, just as they were in 2012.

For these reasons, the undersigned finds that the complaint against the City of Satsuma is patently frivolous and leave to amend would be futile. Therefore, it is **RECOMMENDED** that the motion to dismiss filed by the City of Satsuma be **GRANTED**

and that Plaintiff's complaint against the City of Satsuma (Doc. 1) be **DISMISSED, with prejudice.**

C. **Motions Filed by Plaintiff**

Since the filing of his complaint, Plaintiff has filed the following motions: 1) Motion to Vacate Judgment for Fraud on the Court Under Rule 60(d)(3) in United States District Court (Doc. 5); 2) Plaintiff's Motion for Equal Protection of the Law (Doc. 16); 3) Plaintiff's Motion to Amend Complaint for a More Definite Statement as Motioned for in the Defendant's Response to the Court (Doc. 18); and 4) Plaintiff's Motion for a Default Judgment (Doc. 21). The Court will address each of these motions.

1. **Motion to Vacate Judgment**

On August 2, 2022, Plaintiff filed a Motion to Vacate Judgment for Fraud on the Court Under Rule 60(d)(3) in United States District Court. (Doc. 5). In his motion, he argues that the Order entered by District Court Judge Steele on November 5, 2013, is due to be vacated for fraud on the Court because his attorney made statements to the Court with no input from him or his sisters and never made Plaintiff or his sisters aware of the Order. (*Id.* at pp. 2-3). The November 5, 2013 Order (Doc. 124) denied Plaintiff's motion for leave to file an amended complaint to add claims of fraud and conspiracy in the action entitled *Johnson, et al. v. Champion,* 1:12-cv-00334-WS-M. Plaintiff's motion to amend was denied because his motion was not timely filed and because he could not meet the good cause standard necessary to modify the schedule for filing an amendment to the complaint. (*Id.* at Doc. 124, pp. 1-2). A review of the motion and Order refute Plaintiff's argument here that Judge Steele's holding was induced by fraudulent statements made by his attorney. The fact that he and his sisters were

allegedly not made aware of the Order is not a proper ground for vacating an order that is a matter of public record. Accordingly, the Court **RECOMMENDS** that Plaintiff's Motion to Vacate Judgment for Fraud on the Court Under Rule 60(d)(3) in United States District Court (Doc. 5) be **DENIED**.

### 2. Motion for Equal Protection of the Law

Plaintiff's Motion for Equal Protection of the Law (Doc. 16) is merely a reiteration of claims made in Plaintiff's complaint. *See* Doc. 1 at pp. 10-16. For the reasons stated above, *see supra* at pp. 19-22, the Court **RECOMMENDS** that Plaintiff's Motion for Equal Protection of the Law (Doc. 16) be **DENIED**.

### 3. Motion to Amend Complaint for a More Definite Statement

The Court **RECOMMENDS** that Plaintiff's Motion to Amend Complaint for a More Definite Statement as Motioned for in the Defendant's Response to the Court (Doc. 18) be **DENIED** as futile as set forth above. *See supra* at pp.19-22.

### 4. Motion for a Default Judgment

On September 20, 2022, Plaintiff filed a Motion for a Default Judgment against Defendant Maurice Kirk Harless and non-party MKH Properties LLC, pursuant to Rule 55 of the Federal Rules of Civil Procedure. (Doc. 21). Plaintiff avers, via affidavit, that Harless was served with the summons and complaint but has not filed a response. (Doc. 21-1). However, the record reflects that Harless filed a motion to dismiss for insufficient service of process, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, on August 5, 2022. (Doc. 9). "Default can be entered only when a defendant 'has failed to plead or otherwise defend.'" *Mantz v. Soc. Sec. Admin.,* No. 21-12789, 2022 WL 2859460, at *2 (11th Cir. July 21, 2022). "[T]he phrase 'otherwise defend'

includes the filing of a timely motion to dismiss." *Id.* (citing *Bass v. Hoagland*, 172 F.2d 205, 211 (5th Cir. 1949) (holding that "[t]he words 'otherwise defend' refer to attacks on the service, or motions to dismiss…."))). The record further reflects that MKH Properties LLC was not named as a defendant in Plaintiff's complaint, no summons was issued for MKH Properties LLC, and no return of service was filed for MKH Properties LLC. (Doc. 1, Doc. 2, Docket Sheet). Accordingly, because Harless has filed a proper response and because no response was required from non-party MKH Properties LLC, neither is in default. Therefore, the Court **RECOMMENDS** that Plaintiff's Motion for a Default Judgment (Doc. 21) be **DENIED.**

**D. Request for Sanctions**

In his response to Plaintiff's motion for default judgment, Harless asserts that Plaintiff should be sanctioned for filing the motion because it was frivolous and in bad faith. (Doc. 22). Under Rule 11(c)(2), "[a] motion for sanctions must be made separately from any other motion…," therefore, Defendant's request that Plaintiff should be sanctioned is **DENIED**, without prejudice.

### III. Conclusion

For the reasons set forth herein, the undersigned **RECOMMENDS as follows:**

1) that Plaintiff be **ENJOINED** from pursuing the instant complaint against Harless and/or MKH Properties in this Court or any other forum and that the instant complaint against Maurice Kirk Harless (Doc. 1) be **DISMISSED, with prejudice**;

2) that the motion to dismiss filed by the City of Satsuma be **GRANTED** and that Plaintiff's complaint against the City of Satsuma (Doc. 1) be **DISMISSED, with prejudice;**

3) that Plaintiff's Motion to Vacate Judgment for Fraud on the Court Under Rule 60(d)(3) in United States District Court (Doc. 5) be **DENIED;**

4) that Plaintiff's Motion for Equal Protection of the Law (Doc. 16) be **DENIED;**

5) that Plaintiff's Motion to Amend Complaint for a More Definite Statement as Motioned for in the Defendant's Response to the Court (Doc. 18) be **DENIED** as futile; and

6) that Plaintiff's Motion for a Default Judgment (Doc. 21) be **DENIED.**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection

that merely incorporates by reference or refers to the briefing before the Magistrate

Judge is not specific.

        **DONE** and **ORDERED** this the **25th** day of **October, 2022**.

                s/P. BRADLEY MURRAY
                **UNITED STATES MAGISTRATE JUDGE**